UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PASQUALE STABILE,

    Plaintiff,

v.                                        CASE No. 8:11-CV-2325-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

ORDER

This is an action in which the plaintiff seeks judicial review of the Commissioner of Social Security's decision to dismiss on the basis of res judicata the plaintiff's request for a hearing on his second application for Social Security disability benefits (Doc. 1).* The defendant contends, however, that, "[b]ecause the Commissioner has not issued a 'final decision,' as required by 42 U.S.C. § 405(g), this Court is without jurisdiction over this action" (Doc. 15, p. 4). The plaintiff, in response, has not demonstrated any basis for judicial review of the Commissioner's action. Consequently, the

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment (Doc. 15) will be granted.

I.

In July 1999, the plaintiff filed an application for Social Security disability benefits, alleging a disability onset date of January 1, 1999. Stabile v. Astrue, No. 8:07-CV-1535-T-TGW, 2008 WL 5110832 (M.D. Fla. Nov. 27, 2008) (Doc. 24, p. 2). The application was approved upon reconsideration in November 2000, with a revised disability onset date of July 1, 1999 (id.). However, after receiving a tip regarding the plaintiff's work activity, the Commissioner reopened the plaintiff's case and determined that the plaintiff was not entitled to disability benefits (id.).

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge concluded that the plaintiff had engaged in substantial gainful activity and there had been no continuous twelve-month period during which the plaintiff had not been engaging in substantial gainful activity (id.). Thus, on April 20, 2007, the law judge ruled that the plaintiff was not disabled through his date last insured, December 31, 2004 (id.). The Appeals Council let the decision of the law

judge stand as the final decision of the Commissioner. This court affirmed the decision in November 2008.

On August 10, 2007 – about three weeks before he filed suit in this court regarding his first application – the plaintiff submitted an additional claim for disability benefits to the Social Security Administration (Doc. 1, p. 2; Doc. 15-1, p. 9). This application, which alleged a disability onset date of August 1, 1999, was denied initially and on reconsideration. The plaintiff then submitted a request for a hearing on May 30, 2008. Thereafter, the plaintiff received another hearing before an administrative law judge.

The law judge found that the plaintiff's second application involved the same facts and issues as his previous claim, and that "no new and material evidence ha[d] been submitted and that there ha[d] been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period" (Doc. 15-1, p. 10). Therefore, on November 13, 2009, the law judge ruled that the decision of April 20, 2007, was final and the doctrine of res judicata applied to bar the plaintiff's claim (id., p. 11).

The plaintiff then sought review from the Appeals Council. In a Notice of Appeals Council Action dated May 27, 2011, the Appeals Council

advised the plaintiff that it planned to dismiss the May 2008 request for a hearing (id., pp. 23-25). Specifically, the Appeals Council stated that "the Administrative Law Judge should have dismissed the request for hearing because the doctrine of res judicata applies and the April 20, 2007 decision found that [the plaintiff was] not disabled prior to December 31, 2004, [the plaintiff's] date last insured...." (id., p. 24). The Appeals Council also explained that it found no basis for extending the plaintiff's date last insured past December 31, 2004 (id., pp. 24-25). The plaintiff was provided thirty days to reply to the Appeals Council's proposed action.

In response to the Appeals Council's notice, the plaintiff argued that he was an employee of Splish-Splash Pools, Inc., and not self-employed, between 2004 and 2008 (id., p. 30; Doc. 16, p. 2). Thus, the plaintiff submitted tax returns for these years, which had not been filed with the Internal Revenue Service at the time of the law judge's unfavorable decision in 2009 (Doc. 1, p. 2; Doc. 15-1, p. 30). The plaintiff asserted that these records constituted new and material evidence, which was not available to the law judge at the time of the April 2007 decision (Doc. 16, p. 2). He therefore requested an extension of his date last insured (Doc. 15-1, p. 30).

Upon review of the additional evidence, the Appeals Council noted that the plaintiff's tax returns reported his earnings as income from self-employment. In its August 12, 2011, decision, the Appeals Council stated (id., pp. 30-31):

> The provided evidence does not show when or if the tax returns at issue were filed with the Internal Revenue Service. Social Security regulations allow for a period of time of 3 years, 3 months, and 15 days after any year in which the claimant received earnings during which he may request correction of his earnings record (see 20 CFR 404.802; 20 CFR 404.820-822). The earnings record may be corrected to agree with tax returns of self-employment income filed before the end of the time limit (see 20 CFR 404.822(b)(2)(i)). After the statutory time period for correction ends for a given year, the Social Security Administration's records are conclusive evidence of the claimant's self-employment income in that year for purposes of obtaining coverage for disability benefits (see 20 CFR 404.803(c)(3)). Absent evidence that the tax returns at issue were filed with the IRS within the relevant time periods, there is no basis for extending the claimant's date last insured.
>
> Accordingly, pursuant to Social Security Ruling 95-2c, the Appeals Council hereby dismisses the request for hearing filed on May 30, [2008]. Based upon the dismissal of the request for hearing, the decision dated November 13, 2009 by the Administrative Law Judge has no effect. The decision dated April 20, 2007 stands as the final decision of the Commissioner.

On October 14, 2011, the plaintiff filed a complaint with this court, seeking review of the Appeals Council's decision (Doc. 1). Contending that the dismissal of his request for a hearing constituted a final decision of the Social Security Administration, the plaintiff alleges that he has exhausted his administrative remedies (id., p. 2).

The plaintiff's complaint alleges that "the Administrative Law Judge and the Appeals Council erred in their decision that Plaintiff's date last insured was conclusively December 31, 2004, and that Plaintiff could not be found disabled prior to his date last insured because the Administrative Law Judge's prior decision was final and the doctrine of Res Judicata applied" (id., p. 3). Further, the plaintiff asserts that the Appeals Council erred (1) in finding that he was self-employed, and (2) by not allowing him to present evidence and testimony regarding his earnings (id.). Thus, the plaintiff contends that "[t]his cause should be remanded for a hearing to determine whether the Plaintiff was an employee of Splish Splash Pools, Inc., between the years 2004 and 2008, and whether the taxes paid on earnings as an employee should have been credited to Plaintiff's earnings record with the Social Security Administration, despite the fact that the tax returns were filed

more than 3 years, 3 months and 15 days after the year in which the Plaintiff received earnings" (id., p. 4).

The defendant now moves to dismiss the plaintiff's complaint, or, in the alternative, for summary judgment (Doc. 15). As indicated, the defendant argues that this court lacks jurisdiction over the plaintiff's case because the Commissioner has not issued a "final decision" after a hearing, and the plaintiff has failed to exhaust his administrative remedies regarding his date last insured. In response, the plaintiff urges this court to waive the exhaustion requirement (Doc. 16).

II.

Judicial review of adverse decisions by the Commissioner is authorized only under 42 U.S.C. 405(g). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision ...

Further, 42 U.S.C. 405(h) states, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." The Supreme Court in

Califano v. Sanders, 430 U.S. 99, 108 (1977), held that §405(g) "clearly limits judicial review to a particular type of agency action." Thus, §405(g) expressly restricts judicial review to a "'final decision of the [Commissioner] made after a hearing.'" Id.

The primary issue raised by the defendant's motion to dismiss is whether the Appeals Council's dismissal of a hearing request on the basis of res judicata is an administrative decision for which judicial review is authorized under §405(g) (Doc. 15). Notably, the plaintiff's response does not address this issue (see Doc. 16; Doc. 19, p. 1). Specifically, the plaintiff does not contend that the requirements for the application of res judicata were not met. Further, he does not argue that a court has authority to review the Commissioner's application of res judicata.

Pursuant to the regulations, the Commissioner may dismiss a request for hearing and decline to issue a final decision if the doctrine of res judicata applies and the Commissioner has made a previous decision about the claimant's rights on the same facts and issues, and that previous decision was final. 20 C.F.R. 404.957(c)(1); Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003). "If the [Commissioner] finds res judicata applicable, that finding is generally unreviewable by the federal courts because it is not a

'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction." Holland v. Heckler, 764 F.2d 1560, 1562 (11th Cir. 1985). However, an exception to this rule exists if the claimant alleges a colorable constitutional violation. Califano v. Sanders, supra, 430 U.S. at 109; Holland v. Heckler, supra, 764 F.2d at 1562.

Although the plaintiff in his two-page memorandum asserts that the Commissioner denied due process by failing to provide the plaintiff with an opportunity to present testimony and evidence concerning his earnings, that assertion does not appear to be an attempt to bring the matter within the exception permitting judicial review of constitutional claims (see Doc. 16, p. 2). Regardless, any claim of a due process violation is frivolous. The Appeals Council provided the plaintiff with notice of its proposed action (Doc. 15-1, pp. 23-25) and permitted the plaintiff to submit more evidence regarding its proposed action (id., p. 25). It even invited the plaintiff to request an appearance before it (id.). The plaintiff submitted additional evidence, and the Appeals Council considered that evidence and explained its resolution of the matter in light of the evidence (id., pp. 30-31).

Under these circumstances, there is no basis for a claim of a due process violation. Consequently, the constitutional claim exception to the

principle that decisions applying res judicata are not subject to judicial review does not apply.

The plaintiff attempts to overcome the res judicata hurdle by contending that he should have been credited with additional earnings so that his date last insured is moved from December 31, 2004, to December 31, 2006 (Doc. 16, p. 2). That contention does not even get off the ground.

As the Commissioner points out (Doc. 15, p. 8 n.2), there are procedures in the regulations for correcting an earnings record. At the outset, an individual must make a request for a correction in writing, it must be signed, it must state the period being questioned, and it must describe or attach evidence showing that the record of earnings is incorrect. 20 C.F.R. 404.820(b). The plaintiff did not file any such request. Rather, he simply resubmitted his claim for disability benefits. Thus, not only were the administrative remedies for correcting the earnings record not exhausted, they were not even begun.

Furthermore, if the request for correction of the record is denied, that denial may be appealed through the standard administrative review process of reconsideration, administrative law judge, and Appeals Council.

20 C.F.R. 404.820(g); see 20 C.F.R. 404.900. That obviously did not occur in this case.

"The plaintiff urges the exhaustion requirement should be waived in this case" (Doc. 16, p. 1). However, as Judge Roney explained for the Eleventh Circuit in Crayton v. Callahan, 120 F.3d 1217, 1221 (11th Cir. 1997), "it is within the Secretary's [now Commissioner's] province to waive the exhaustion requirement." In other words, just the Commissioner, not the court, can waive the exhaustion requirement. The Commissioner clearly did not do so in this case since he is affirmatively asserting a lack of exhaustion.

Judge Roney also recognized in Crayton v. Callahan, that, while the court could not waive exhaustion, it could under certain circumstances "excuse" a lack of exhaustion. 120 F.3d at 1222. Thus, he said that, when the plaintiff raises a constitutional issue that is collateral to the plaintiff's claim, exhaustion may be excused. Id. In this case, not only is the plaintiff's purported constitutional issue not collateral to the plaintiff's claim, but, as previously shown, the constitutional contention is completely baseless.

In addition, Judge Roney stated that "[e]xhaustion may be impractical and inconsistent with the exhaustion principles when a judicial determination has been made that the agency's procedure is illegal." Id. This

rule is derived from the situation in a class action finding an illegal policy where some of the class members had exhausted their administrative remedies and some had not. 120 F.3d at 1221-22. Those circumstances are clearly not present here.

In sum, the plaintiff's current claim for disability benefits is barred by the doctrine of res judicata, and the Commissioner's application of that doctrine is not subject to judicial review. Further, the application of res judicata cannot be avoided by a claim of a new date last insured based upon a change in the plaintiff's earnings record since the plaintiff has failed to exhaust his administrative remedies with respect to such a claim, and that failure is neither waived nor excused.

It is, therefore, upon consideration

ORDERED:

That Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment (Doc. 15) be, and the same

is hereby **GRANTED**, and the complaint is hereby **DISMISSED**. The Clerk is directed to **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of May, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE